UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CHRISANDRA MEADOWS ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| VALENTINE & KEBARTAS, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Chrisandra Meadows, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.  Plaintiff, Chrisandra Meadows, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Chrisandra Meadows is an adult natural person residing at 6706 Switchgrass Road, Arlington, TX 76002. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Valentine & Kebartas, Inc ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Texas and Massachusetts with an office located at 15 Union Street, Lawrence, MA 01840.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around March 2010, the Plaintiff began receiving phone calls from the Defendant regarding an alleged debt of $1,417.59 due to Barclays Bank.

8. The Defendant relentlessly contacts the Plaintiff at least three to four times daily on her cell phone as well as three to four times daily on her home phone.

9. The Defendant leaves messages on the Plaintiff's answering machine using an automated calling system.

10. The messages left by the Defendant state that the Defendant is calling on behalf of a "personal business matter" and do not specify that they are debt collectors.

11. The Plaintiff later received a phone call from and agent of the Defendant named "Scott Hurt" who then identified himself as a debt collector.

12. The Defendant's agent, "Scott Hurt," informed the Plaintiff that if the Plaintiff did not pay the alleged debt owed, the fees will only continue to increase.

13. The agent of the Defendant continued to ask the Plaintiff for her personal banking information in which the Plaintiff refused to give.

14. On or around June 11, 2010, the Defendant sent a letter to the Plaintiff claiming that the Plaintiff sent the Defendant a post dated check or Automated Clearing House Debit, which will be deposited into the Defendant's account on June 16, 2010 in the amount of $390.00. **See Exhibit "A" attached hereto.**

15. The above mentioned letter also stated that the Plaintiff make sure that there are sufficient funds in the Plaintiff's account to cover the alleged check.

16. The Defendant's letter claimed that the Plaintiff had given the Defendant authorization on June 10, 2010 even though the Plaintiff did not receive the letter until June 21, 2010.

17. The Plaintiff never sent the Defendant a check in the mail nor did the Plaintiff give the Defendant any bank account information in which would allow the Defendant to have access to withdraw money.

18. The Plaintiff clearly recalls the Defendant saying that if the Plaintiff was not willing to provide the Defendant with her bank account information that there would be nothing further to discuss.

19. On or around June 23, 2010, the Defendant left a message on the Plaintiff's answering machine stating that the Plaintiff provided the Defendant with false information and must call the Defendant's office immediately.

20. The Plaintiff then returned the Defendant's phone call and was told by the Defendant's agent that the Plaintiff provided the Defendant with an incorrect bank routing number.

21. The Plaintiff never gave the Defendant any banking information and is unsure what information the Defendant has and what the Defendant will attempt next.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6): | Place telephone calls without disclosing his/her identity |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |

| | | |
|---|---|---|
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |
| §§ 1692g: | | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Valentine & Kebartas, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: July 6, 2010

BY: _____
Bruce K. Warren, Esquire

BY: _____
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys' for Plaintiff